IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DELORES MADISON                                                          PLAINTIFF

vs.                                  Civil No. 4:17-cv-04062

NANCY A. BERRYHILL                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Delores Madison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on March 7, 2014 (DIB application) and on October 26, 2015 (SSI application). (Tr. 43). In these applications, Plaintiff alleges being disabled due to a right rotator cuff repair, arthritis, asthma, and carpal tunnel syndrome. (Tr. 233). Plaintiff alleges an onset date of January 16, 2014. (Tr. 43). Her applications were denied initially and again upon reconsideration. (Tr. 104-116).

1

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 70-103). Plaintiff's administrative hearing was held on December 16, 2015 in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr Youngblood[1] testified at this hearing. *Id.*

On May 26, 2016, after the administrative hearing in this case, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 40-53). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 45, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 16, 2014, her alleged onset date. (Tr. 45, Finding 2). The ALJ determined Plaintiff had the following severe impairments: unspecified generalized arthritis variously diagnosed as rheumatoid arthritis and osteoarthritis; fibromyalgia; bilateral carpal tunnel syndrome status-post releases; obesity; and hypertension. (Tr. 45-46, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 46, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 46-52, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

---

[1] Mr. Youngblood's first name was not included in the record in this case.

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally reach with the right dominant upper extremity; can occasionally balance; can occasionally climb ramps and stairs; cannot climb ladders, ropes, and scaffolds; cannot tolerate more than moderate exposure to dust, gases fumes and respiratory irritants.

*Id.* The ALJ determined Plaintiff was forty-eight (48) years old, which is defined as an "younger individual" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). (Tr. 52, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 52, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 52, Finding 6). Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 52-53, Finding 10). The VE testified at the administrative hearing on this matter. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as counter clerk (light, unskilled) with 430,700 such jobs in the nation; customer security clerk (light, unskilled) with 45,790 such jobs in the nation; and hostess (light, unskilled) with 30,727 such jobs in the nation. (Tr. 53). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) from January 16, 2014 through the date of his decision or through June 1, 2016. (Tr. 53, Finding 11).

Plaintiff sought review with the Appeals Council. On June 27, 2017, the Appeals Council denied this request for review. (Tr. 1-3.). On July 27, 2017, Plaintiff filed a Complaint in this case.

ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12-13. This case is now ready for determination.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 1-16. Specifically, Plaintiff claims the ALJ failed to "resolve the conflict between the two rheumatologists in this case, and did not assess Plaintiff's fibromyalgia." *Id.* Plaintiff claims that at the administrative hearing in this matter, the ALJ recognized a deficiency in the record and found there was a conflict between the medical records.

5

*Id.* Plaintiff claims the ALJ then stated that he was going to "have the file reviewed by a medical expert . . . a rheumatologist. . . .[because] I'm not satisfied the State Agency's physicians reviewed all the relevant conditions here." (Tr. 102). Despite this statement, however, Plaintiff claims the ALJ *never ordered* a medical source statement from a rheumatologist. *Id.* Thus, Plaintiff claims the record in this case is not complete. *Id.*

Upon review of the transcript in this case, the Court finds Plaintiff's argument is merited. It is undisputed that at the administrative hearing in this matter, the ALJ recognized the record needed independent review by a rheumatologist. (Tr. 102). Despite this assessment, the ALJ ordered a consultative examination by a general practitioner, Dr. Jeremiah West, M.D. (Tr. 774-777). In Dr. West's report, he did not clarify anything related to Plaintiff's fibromyalgia or related condition and recognized the fact that the record was not clear: "**Diagnosis:** 1. Multiple joint pains: No erythema or joint swelling on exam today. Patient was diffusely tender throughout her joints and muscles. *Unsure about rheumatoid arthritis diagnosis as the most recent documentation from the Rheumatologist does not address this problem and she is not on any medication for rheumatoid arthritis*." (Tr. 777) (emphasis added).

Thus, considering these facts, the Court finds the record is not fully developed. Indeed, the ALJ himself recognized this deficiency and noted that a rheumatologist was needed to complete the record. Then, instead ordering a report from a rheumatologist, the ALJ ordered a report from a general practitioner. That general practitioner also noted the deficiency in the record and provided no additional clarification as to Plaintiff's joint pain. The ALJ has the duty to develop the record in this case. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (recognizing "[w]ell-settled precedent confirms that the ALJ bears the responsibility to develop the record fairly and fully,

independent of the claimant's burden to press his case"). Because the ALJ has admitted the record was not fully developed, and did not take the proper steps to develop the record, the Court finds Plaintiff's case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE